(Pleito No. 52.—Fallado el 11 de Mayo de 1900.)

## HOMAR contra PIZÁ.

RECURSO contra sentencia dictada por el Tribunal de Distrito de San Juan.

ACCIÓN EJECUTORIA.    Una ejecución despachada contra los bienes de una persona que se ha presentado en estado de suspensión de pagos no puede impedirse ó declararse nula por el hecho de que dicho estado jurídico haya sido declarado por un tribunal.

SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á once de Mayo de mil novecientos, en los autos de juicio ejecutivo seguidos en el suprimido Juzgado de 1ª Instancia del Distrito de San Francisco de esta Capital y en el Tribunal del Distrito de San Juan, por Don Juan Pizá y Mas, vecino y comerciante de esta Ciudad, con la sociedad mercantil Homar y Montaner, domiciliada en la Ciudad de Utuado, en cobro de pesos; autos pendientes ante Nos en recurso de casación por infracción de ley, que ha interpuesto la parte demandada, representada y defendida por el Letrado Don

Herminio Díaz Navarro, sin que haya comparecido ante este Tribunal la parte actora y recurrida.—Resultando: Que Don Juan Pizá y Mas, en catorce de Diciembre de mil ochocientos noventa y ocho, acudió al Juzgado de 1ª Instancia de San Francisco con dos pagarés suscritos á su favor por Homar y Montaner, el primero de ellos, en once de Septiembre de mil ochocientos noventa y siete, por valor de ciento treinta y cinco pesos noventa y seis centavos, que dicha sociedad se obligaba á pagar en igual día y mes del año siguiente, de cuya suma sólo adeudaba ya noventa y tres pesos, setenta y tres centavos; y el segundo, en veinte de Agosto de mil ochocientos noventa y ocho, por valor de mil novecientos sesenta y ocho pesos treinta y cinco centavos, que también Homar y Montaner se comprometían á satisfacer en veinte y tres de Noviembre del mismo año, solicitando Pizá y Mas, con objeto de preparar la vía ejecutiva, que Homar y Montaner reconocieran la legitimidad de sus firmas, y sin perjuicio de ello, que se despachara por cuenta y riesgo del acreedor, embargo preventivo contra los bienes de los deudores por la suma de dos mil sesenta y dos pesos ocho centavos, que montaba la deuda, á cuyo embargo se accedió por auto del mismo día, llevándose á efecto el día veinte y dos del propio mes.—Rusultando: Que por auto de diez y seis de Diciembre citado se ordenó el reconocimiento por Homar y Montaner de los dos documentos de crédito de que se deja hecho mérito, y como no comparecieran, á pesar de haber sido citados por tres veces, en la segunda y tercera con apercibimiento de ser declarados confesos en la legitimidad de sus firmas, se hizo tal declarateria por auto de veinte y cinco de Enero de mil ochocientos noventa y nueve.—Resultando: Que en escrito de veinte y seis de dicho Enero el acreedor Don Juan Pizá y Mas formuló demanda ejecutiva contra Homar y Montaner para el cobro de la cantidad de dos mil sesenta y dos pesos ocho centavos que le estaban adeudando, alegando como fundamentos de hecho de la demanda los

que se dejan expuestos ; y por auto del día siguiente se despachó la ejecución por la referida suma, trescientos pesos más en concepto de intereses, y otros doscientos pesos para costas, ratificándose además el embargo preventivo practicado.—Resultando : Que citada de remate la sociedad deudora, se opuso á la ejecución y al formalizarla expuso : que la sociedad Homar y Montaner se presentó en suspensión de pagos en diez y nueve de Diciembre de mil ochocientos noventa y ocho, cuyo estado jurídico fué declarado por el Juzgado de 1ª Instancia de Utuado ; que dicha suspensión impedía que la citada sociedad pagara las deudas que tenía contraídas, pues de hacerlo sería con perjuicio de sus acreedores ; que después de celebrada la junta de éstos, para la cual citado Pizá, y obtenido convenio, se libró mandamiento de ejecución contra la sociedad deudora, y por no satisfacer la deuda, por hallarse en suspensión de pagos, se le embargaron bienes para responder de la misma ; y que el título en que se fundaba la ejecución carecía de fuerza ejecutiva, por no ser exigible la obligación en atención á que ·Homar y Montaner se hallaban en estado de suspensión de pagos ; por todo lo cual, invocando además como fundamentos de derecho el artículo 1,465 de la Ley de Enjuiciamiento Civil y las sentencias del Tribunal Supremo de Justicia de España de cuatro de Octubre de mil ochocientos ochenta y nueve y catorce de Marzo de mil ochocientos noventa y seis, pidió se declarara en su oportunidad la nulidad del juicio, y si á ello no hubiere lugar, la nulidad del mandamiento de ejecución y de todas las actuaciones posteriores con las costas á cargo de la parte ejecutante.— Resultando : Que Don Juan Pizá y Mas impugnó la oposición formulada sosteniendo la eficacia del título ejecutivo, que lo eran dos pagarés por cantidad líquida vencida, con las firmas de Homar y Montaner, que fueron declarados confesos en su legitimidad, sin que el estado de suspensión de pagos de Homar y Montaner quite al crédito la condición de exigible, pues aparte de haberse solicitado la

nulidad del auto que le declaró en dicho estado, cuyo incidente se encuentra en tramitación, el artículo 1,133 de la Ley de Enjuiciamiento Civil, aplicable al caso, ordena que sólo se suspenderá el curso de las ejecuciones pendientes contra el deudor cuando llegare á la vía de apremio, antes de procederse á la venta de los bienes, debiendo hacerse lo propio con las ejecuciones que se inicien, con tanto más motivo cuanto que según los artículos 488 y 532 del Código de Comercio, una obligación es exigible desde su vencimiento, sin que en el caso de autos pueda impedirlo el convenio que Homar y Montaner dicen haber celebrado con sus acreedores en el expendiente de suspensión de pagos, pues aunque fuese cierto ese convenio, no ha podido tener la aprobación judicial, existiendo como existe el incidente de nulidad mencionado, convenio que tampoco obligaría á Pizá, pues se abstuvo de concurrir á la Junta de acreedores, y bajo concepto alguno ha prestado su conformidad á dicho convenio.—Resultando: Que abierto el juicio á prueba, se practicaron las propuestas por las partes ejecutante y ejecutada, de las que aparece que Homar y Montaner fueron declarados en suspensión de pagos por auto del Juzgado de Utuado de veinte y uno de Diciembre de mil ochocientos noventa y ocho á virtud de escrito presentado en diez y nueve del mismo mes, y que Don Juan Pizá, en escrito de veinte y cuatro de Enero del año siguiente, se opuso á dicho estado, promoviendo al efecto incidente de nulidad de actuaciones, en el que no ha recaído sentencia firme.—Resultando: Que el Tribunal de Distrito de San Juan dictó en seis de Febrero último sentencia confirmatoria de la del Juzgado de 1ª Instancia de San Francisco con las costas; mandando seguir adelante la ejecución hasta hacer trance y remate de los bienes embargados á la sociedad deudora, y con su producto entero y cumplido pago al ejecutante del capital, intereses reclamados vencidos y que se venzan hasta su efectivo pago. y costas.—Resultando: Que contra esa sentencia interpuso la defensa de Homar y Montaner recurso de

casación por infracción de ley y de doctrina legal, autorizado por el número 1º del artículo 1,690 de la Ley de Enjuiciamiento Civil, citando como infringidos:—1º Los artículos 870 al 873 del Código de Comercio, en relación con la doctrina sentada por el Tribunal Supremo de España en sentencias de cuatro de Octubre de mil ochocientos ochenta y nueve, cuatro de Enero de mil ochocientos noventa y uno y catorce de Marzo de mil ochocientos noventa y seis, según las que, declarado en suspensión de pagos un comerciante, no ·puede despacharse contra el mismo mandamiento de ejecución.—2º El artículo 1,133 de la Ley de Enjuiciamiento Civil, por aplicación indebida, ya que dicho artículo no reza con el caso de autos.—3º El artículo 1,465 de la misma ley en su inciso 2º, por haberse desestimado la oposición no declarándose nulo el juicio.—Resultando:. Que la vista se celebró sin asistencia de la parte recurrente.—Visto: Siendo Ponente el Juez Asociado Don José C. Hernández.—Considerando: Que los artículos 870, 871, 872 y 873 del Código de Comercio, reformado por Real Decreto de veinte y cinco de Junio de mil ochocientos noventa y siete se limitan á fijar los casos en que un comerciante puede declararse en estado de suspensión de pagos, á determinar las formalidades que debe llenar en el ejercicio de semejante derecho y á ordenar los trámites que deban seguirse, sin que contengan precepto alguno que coarte los derechos de los respectivos acreedores para el ejercicio de sus acciones mientras no exista convenio obligatorio para ellos, como así lo tiene declarado el Tribunal Supremo de Justicia de España en sentencia de cuatro de Diciembre de de mil ochocientos noventa y siete; y que por tanto la sentencia recurrida no contiene infracción de dichos artículos, cual si de ellos se desprendiera que declarado en suspensión de pagos un comerciante no puede despacharse contra el mismo mandamiento de ejecución.—Considerando: Que las sentencias·del Tribunal Supremo de España de cuatro de Octubre de mil ochocientos ochenta y nueve, cuatro de

Enero de mil ochocientos noventa y uno y catorce de Marzo de mil ochocientos noventa y seis, se refieren á casos que no guardan analogía con el de que se trata en el presente recurso, en que se ha ¡reclamado por la vía ejecutiva el cumplimiento de una obligación líquida vencida, pues la primera de ellas sólo resuelve que constituída una sociedad mercantil en estado de suspensión de pagos, mientras dure esa situación legal no pueden sus acreedores instar la declaración de quiebra; la segunda establece igual doctrina legal; y la tercera se contrae al caso de que se trate de alterar el carácter de una obligación convirtiéndola de personal en hipotecaria; aparte de que dichas tres sentencias son anteriores á la reforma del Código de Comercio hecha por Real Decreto de veinte y cinco de Junio de mil ochocientos noventa y siete, lo que no sucede con la otra ya citada de cuatro de ·Diciembre de ese año.—Considerando: Que no habiendo traba legal que impida ejercitar contra el comerciante declarado en suspensión de pagos la acción ejecutiva. para el cumplimiento de obligaciones líquidas vencidas, es de aplicarse por analogía á las ejecuciones que se despachen contra el deudor en estado de suspensión de pagos lo que ordena la Ley de Enjuiciamiento Civil en su artículo 1,133 respecto de las ejecuciones que contra aquél hubiere pendientes al declararse en dicho estado; y tampoco cabe declarar nula · la ejecución que se despache durante aquel estado en cumplimiento de lo que previene el inciso 2º del artículo 1,465 de la ley citada, cual si por el solo hecho de la suspensión de pagos, una obligación por cantidad líquida y de plazo vencido dejara de ser exigible en derecho.—Considerando: Que por las razones expuestas no son de estimarse los motivos de casación alegados.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación interpuesto por la sociedad mercantil Homar y Montaner, á la que condenamos en las costas; y líbrese al Tribunal del Distrito de San Juan la certificación correspondiente, devolviéndole los autos que

ha remitido.—Así por esta nuestra sentencia que se publicará en la *Gaceta Oficial* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Rafael Nieto Abeillé.—Juan Morera Martínez.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José C. Hernández, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á once de Mayo de mil novecientos.—E. de J. López Gaztambide.